## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID RAMIREZ, individually and
on behalf of all others similarly
situated,

        Plaintiff,

        v.

FLORIDA HEALTH SCIENCES
CENTER, INC. D/B/A TAMPA
GENERAL HOSPITAL,

        Defendant.

Case No.: 8:23-cv-01890-SDM-TGW

## JOINT MOTION TO TRANSFER AND STAY PROCEEDINGS PENDING MEDIATION

Defendant Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital ("Defendant" or "TGH"), and Plaintiff David Ramirez ("Plaintiff," and together with TGH, the "Parties") respectfully and jointly move this Court to stay the above-captioned action ("*Ramirez* Action") until December 6, 2023, which is 30 days after the First-Filed *DiPierro* Action's scheduled November 6, 2023 mediation.  The Parties also respectfully and jointly move this Court to transfer the *Ramirez* Action to the Honorable Kathryn Kimball Mizelle pursuant to Local Rule 1.07(a)(2)(B) ("Joint Motion to Transfer and Stay").  In support thereof, the Parties state as follows:

1.  **Procedural and Factual Background.**  On July 21, 2023, Plaintiff Angelica DiPierro filed the first suit in Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 23-CA-013984, alleging causes of action stemming from an alleged data incident implicating TGH's computer systems between May 12 and May 30, 2023 ("Data Incident").   Thereafter, 15 other virtually identical actions (including 1 individual action) were filed related to the same Data Incident. TGH removed the first-filed *DiPierro* action to this Court on August 17, 2023. *See Dipierro, et al. v. Fla. Health Scis. Ctr., Inc. d/b/a Tampa Gen. Hosp.*, Case No. 8:23-cv-1864-KKM-UAM (M.D. Fla.) ("First-Filed *DiPierro* Action").   On August 22, 2023, Plaintiff DiPierro filed an Amended Complaint naming six additional plaintiffs and alleging causes of action under the common law and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*  [*See generally* Case No. 8:23-cv-1864-KKM-UAM, Dkt. No. 8.]

2.  Since the filing of the First-Filed *DiPierro* Action, the parties to that action have met and conferred and done, among other things, the following:

    a.  Plaintiff DiPierro propounded interrogatories and document requests on TGH in the state court case before removal;

    b.  The parties have met and conferred to discuss TGH's basis for removal under the Class Action Fairness Act of 2005, 28

U.S.C. § 1332(d) ("CAFA") jurisdiction, the merits of the case, and potential early resolution;

c.   TGH has provided initial informal discovery regarding CAFA jurisdiction and plaintiffs in the First-Filed *DiPierro* Action have requested additional informal discovery relevant to CAFA jurisdiction;

d.   The parties to the First-Filed *DiPierro* Action have met and conferred multiple times as to TGH's basis for removal, resulting in TGH providing the First-Filed *DiPierro* Action plaintiffs with a breakdown of individuals notified by state and/or country or territory.  TGH has also agreed to provide an analysis of duplicate and undeliverable addresses and addresses associated with "temporary" or "transient" residency, including shelters, military bases, colleges or universities, nursing homes, senior care or other healthcare facilities, and vacation homes for "snowbirds" (RV parks, etc.), among others, and other relevant information related to plaintiffs and members of the putative class;

e.   Plaintiff DiPierro re-propounded interrogatories and document requests on TGH in this action following removal;

3

f.    The parties conducted their Federal Rule of Civil Procedure 26(f) and Middle District of Florida Local Rule 3.02 conference and have exchanged drafts of and are preparing to file their Uniform Case Management Report ("CMR") shortly;

g.    The parties negotiated, agreed to, and filed a Stipulated Protective Order Regarding Disclosure of Confidential or Highly Confidential Materials ("Stipulated Protective Order") [Case No. 8:23-cv-1864-KKM-UAM, Dkt. No. 17], and moved for its approval, which the Court entered [*id.* at Dkt. Nos. 20 & 21];

h.    The parties negotiated, agreed to, and filed a Stipulation Concerning Protocol for Production of Documents and Electronically Stored Information ("ESI Protocol") [*id.* at Dkt. No. 18], and moved for its approval, which the Court entered [*id.* at Dkt. Nos. 20 & 21];

i.    The First-Filed *DiPierro* plaintiffs have represented to TGH that counsel has interviewed data security experts and retained an expert on August 18, 2023;

j.    TGH is drafting and will file a motion to dismiss in the First-Filed *DiPierro* Action on September 25, 2023; and

k.    The parties in the First-Filed *DiPierro* Action have scheduled mediation with mediator Jill R. Sperber of Judicate West for November 6, 2023, and in preparation thereof, have begun exchanging information to assist in the evaluation of liability and damages.[1]

3.    As noted above, since the filing of the First-Filed *DiPierro* Action, other cases have also been filed, including the first-filed action in the Middle District of Florida, captioned *Russo v. Fla. Health Scis. Ctr., Inc. d/b/a Tampa Gen. Hosp.,* Case No. 8:23-cv-01757-KKM-CPT (M.D. Fla.) ("*Russo* Action") and the above-captioned *Ramirez* Action.   Specifically, 16 other actions—14 of which are still pending[2]—have been filed in Florida state and federal court alleging the same or similar claims related to the First-Filed *DiPierro* Action ("Related Actions").   As relevant here, on July 27, 2023, Plaintiff Ramirez filed suit in Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 23-CA- 014150, alleging causes of action stemming from the Data Incident.   TGH removed the action to this Court on August 21, 2023.   [*See* Dkt. No. 1.]   Plaintiff alleges the same causes of action as those

---

[1] The parties to the First-Filed *DiPierro* Action are on Ms. Sperber's cancellation list and may attend mediation before November 6, if an earlier date becomes available.

[2] Two actions were voluntarily dismissed.  *See Andriano v. Fla. Health Scis. Ctr., Inc. d/b/a Tampa Gen. Hosp.*, Case No. 8:23-cv-01745-TPB-TGW (M.D. Fla.) (vol. dismissed on Aug. 7, 2023); *Borchers v. Fla. Health Scis. Ctr., Inc. d/b/a Tampa Gen. Hosp.*, Case No. 8:23-cv-01728-MSS-AEP (M.D. Fla.) (vol. dismissed on Aug. 8, 2023).

alleged in the First-Filed *DiPierro* Action and seeks to represent the same nationwide class and Florida subclass.  An overview of the Related Actions, all but one of which are class actions currently pending or soon-to-be pending in this District, and the claims they allege, are included in the chart in **Exhibit A**.

4.   As shown in Exhibit A, the First-Filed *DiPierro* Action—the first-filed action chronologically speaking—and the *Russo* Action—the first action originally filed in this District—are both pending before Judge Mizelle.  In fact, Judge Mizelle is assigned to 5 of 8 actions in this District related to the Data Incident, more than any other judge.

5.   As further shown in Exhibit A, both Plaintiff Ramirez and plaintiffs in the First-Filed *DiPierro* Action state overlapping claims, although Plaintiff Ramirez additionally states claims for unjust enrichment [Dkt. No. 1, Ex. A ¶¶ 195-200] and breach of fiduciary duty [*id.* at ¶¶ 191-94].  Plaintiff Ramirez and the First-Filed *DiPierro* Action plaintiffs also purport to bring their respective actions on behalf of the same nationwide class, [*compare* Dkt. No.1, Ex. A ¶ 163 (seeking to represent a nationwide class of "[a]ll persons residing in the United States whose Personal Information was compromised in the Data [Incident] disclosed by TGH on or about July 20, 2023, including all who were sent notice of the Data [Incident]") *with* First-Filed *DiPierro* Action, Case No. 8:23-cv-1864-KKM-UAM, Dkt. No. 8 at ¶ 174 (plaintiffs seek to

represent a nationwide class defined as "[a]ll individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a rest of the Data [Incident] reported to have occurred on or about between May 12, 2023, and May 30, 2023")], and the same Florida subclass, [*compare* Dkt. No. 1, Ex. A, ¶ 163 (seeking to represent a Florida subclass defined as "[a]ll persons residing in the state of Florida whose Personal Information was compromised in the Data [Incident] disclosed by TGH on or about July 20, 2023, including all who were sent notice of the Data [Incident]") *with* First-Filed *DiPierro* Action, Case No. 8:23-cv-1864-KKM-UAM, Dkt. No. 8 at ¶ 174 (defining Florida subclass as "[a]ll individuals residing in the State of Florida whose Private Information was accessed and/or acquired by an unauthorized party as a result of the Data [Incident] reported to have occurred on or about between May 12, 2023, and May 30, 2023")].

6.    The *Ramirez* Action and the First-Filed *DiPierro* Action, therefore, are materially and substantively similar (if not almost identical), as are the 13 additional Related Actions filed *after* the First-Filed *DiPierro* Action, including the *Russo* Action first filed in this District.  All Related Actions concern the Data Incident and (except for sole individual action) seek relief for the same putative class and assert the same or similar overlapping claims.

7.    Recognizing the similarities between the First-Filed *DiPierro* Action and the *Ramirez* Action, and after meeting and conferring with TGH

and being alerted to (a) how far advanced the First-Filed *DiPierro* Action is and (b) that the parties to the First-Filed *DiPierro* Action have scheduled a November 6, 2023 mediation, counsel in the *Ramirez* Action have agreed to a stay of this action until after mediation in the First-Filed *DiPierro* Action. The Parties further request that the *Ramirez* Action be transferred to Judge Mizelle who is presiding over the First-Filed *DiPierro* Action and the *Russo* Action, the first-filed action in this District. Doing so would avoid the inefficiencies and risk of conflicting rulings that would result should the Related Actions continue pending before different judges. The Court should grant the Parties' motion for the reasons outlined below.

8.     **A Stay of the *Ramirez* Action is Warranted Under the Circumstances.** As demonstrated above, a stay is warranted in the *Ramirez* Action and the Court may grant a stay pursuant to the power to control and manage its own docket as it best sees fit. Courts have broad discretion to stay any action or to maintain a stay incidental to the power to control their own dockets and manage cases before them. *Ferrari v. N. Am. Credit Servs., Inc.*, 585 F. Supp. 3d 1334, 1336 (M.D. Fla. 2022) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "So long as the scope of a stay is limited and a reasonable justification is proved, courts do not abuse their discretion by granting a stay." *Green v. U.S. Dep't of Justice OPR*, Case No. 5:23-cv-62-MMH-PRL, 2023 WL

8

4743610, at *1 (M.D. Fla. July 25, 2023) (citing *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000)).

9.     "[D]istrict courts have inherent, discretionary authority to issue stays in many circumstance," *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) (citing *Ortega Trujillo*, 221 F.3d at 1264), including because the parties consent to a stay or the case is a later-filed duplicative action arising from the same common nucleus of fact, *see, e.g.*, *Finn v. Empress Ambulance Servs., Inc. d/b/a Empress EMS*, Case No. 7:22-cv-08101-KMK, Dkt. No. 17 (S.D.N.Y. Nov. 14, 2022) (staying later-filed class actions arising out of a data breach pending mediation in first-filed action arising out of same data breach); *Ratcliff v. Morley Cos., Inc.*, No. 1:22-cv-10360, 2022 WL 2237184, at *3 (E.D. Mich. June 22, 2022) (same). Stays are also routinely permitted pending outcome of mediation. *See Hawkins v. Citimortgage, Inc.*, No. 8:14–cv–02810–T–33AEP, 2014 WL 7369972, at *2 (M.D. Fla. Dec. 29, 2014); *Advanced Bodycare Solutions, LLC*, 524 F.3d at 1241.

10.     Staying the *Ramirez* Action under the circumstances will serve the interests of justice and judicial economy, including avoiding the waste of judicial resources necessary to litigate this action, which would be mooted upon the successful mediation by the parties to the First-Filed *DiPierro* Action. The First-Filed *DiPierro* Action has advanced considerably further than the

Related Actions, including the *Ramirez* Action.  The parties to the First-Filed *DiPierro* Action have held their initial Rule 26(f) conference; exchanged drafts of their CMR (to be filed shortly); and filed a Stipulated Protective Order and ESI protocol.  TGH is also on schedule to file its responsive pleading on September 25, 2023.

11.     Most importantly, the parties to the First-Filed *DiPierro* Action have scheduled mediation for November 6, 2023.  Should the mediation be successful and the parties negotiate a nationwide class settlement, the putative class will include Plaintiff Russo and all other individuals in the putative class and all of their claims stemming from the Data Incident. Pending approval of a class settlement (if any is reached), the First-Filed *DiPierro* Action will be over, and the Related Actions, including the *Ramirez* Action, mooted.

12.     In light of the above, and after meeting and conferring with counsel in the *Ramirez* Action pursuant to Local Rule 3.01(g), Plaintiff Ramirez has agreed to stay his action for 30 days following the November 6, 2023 mediation, or until December 6, 2023.  Accordingly, a stay of this action will not unduly prejudice or disadvantage Plaintiff, as he consents to and jointly files this Joint Motion to Transfer and Stay with TGH.  In addition, discovery has not yet started, an initial scheduling conference has not yet been held, and no trial date has been set in his case.

13.    **Transfer of the *Ramirez* Action is Also Warranted Under the Circumstances.**    Transfer of the *Ramirez* Action to Judge Mizelle pursuant to Local Rule 1.07(a)(2)(B) is also warranted.  Specifically, under Local Rule 1.07(a)(2)(B):

> If actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned the first-filed action.  The moving party must file the motion in the later-filed action and a notice and a copy of the motion in the first-filed action.  The proposed transferor judge must resolve the motion to transfer but can transfer the action only with the consent of the transferee judge. The transferee judge can order the clerk to assign to the later filed action the magistrate judge in the first-filed action.

14.    As stated in the plain language of the rule, Local Rule 1.07 permits "a party to seek [intra-district] transfer of a related, second-filed case to the same judge as the first-filed case" if allowing the actions proceed before different judges presents the probability of "inefficiency or inconsistency." *Clark v. Hercules*, Case No.: 2:22-cv-229-SPC-MRM, 2022 WL 2275169, at *1 (M.D. Fla. June 23, 2022).  The decision to transfer under Rule 1.07 is discretionary, provided the transferor judge has consent of the transferee judge.  *See Health Freedom Def. Fund, Inc. v. Biden*, 572 F. Supp. 3d 1257, 1262 (M.D. Fla. 2021).

15.    Here, transfer of the *Ramirez* Action to Judge Mizelle is permitted and appropriate under Local Rule 1.07.  First, Judge Mizelle is the judge assigned to first-filed action both chronologically-speaking (the First-Filed

*DiPierro* Action) and the first action filed in this District (the *Russo* Action) related to the Data Incident. In fact, Judge Mizelle is assigned to 5 of 8 actions in this District related to the Data Incident, more than any other judge.

16. Second, transfer is appropriate because the *Ramirez* Action is undoubtedly related to the First-Filed *DiPierro* and *Russo* Actions. The *Ramirez* Action is related to the same underlying Data Incident as those actions (as well as all 5 actions before Judge Mizelle); has all of the same overlapping claims; and seeks to represent the same nationwide and Florida subclass as both the First-Filed *DiPierro* and *Russo* Actions. There is no dispute the cases are sufficiently "related" for purposes of Rule 1.07 transfer,

17. Third, intra-district transfer to Judge Mizelle is appropriate to avoid "inefficiency or inconsistency." Allowing Judge Mizelle to preside over all of the Related Actions, including the *Ramirez* Action, would ensure consistent adjudication and rulings across all of the Related Actions. Judge Mizelle would also be in a better position to manage all of the Related Actions—including the *Ramirez* Action—if they were all on her docket. *See, e.g.*, *Petro Gate, Inc. v. Circle K Stores, Inc.*, No. 2:20-cv-246, 2020 WL 10458523, at *1 (M.D. Fla. Apr. 27, 2020) (venue and intra-district transfer warranted where six other related cases were pending before the same judge because doing so would "increase the likelihood that cases w[ould] be resolve through consistent decisions and on parallel tracks").

18.     Finally, transfer is appropriate because Plaintiff consents to the transfer.  *See id.* (venue and intra-district transfer permitted in "significant" part because plaintiff did not oppose transfer).  Specifically, after meeting and conferring with counsel in the *Ramirez* Action pursuant to Local Rule 3.01, the Parties agree transfer to Judge Mizelle is warranted under the circumstances. The Parties' therefore respectfully request that the above-captioned action be transferred to Judge Mizelle's docket pursuant to Local Rule 1.07(a)(2)(B).  .

19.     In sum, the Parties respectfully stipulate, with the Court's permission, to a stay of the *Ramirez* Action and request that formal discovery, scheduling of motions, scheduling of conferences and any other deadlines, be stayed pending the First-Filed *DiPierro* Action's scheduled mediation on November 6, 2023, and for 30 days following the same, through December 6, 2023.  The Parties further agree to file a status report in the *Ramirez* Action by no later than November 10, 2023 alerting the Court to the outcome of the mediation.  TGH will also meet and confer with Plaintiff about next steps in the *Ramirez* Action.  The Parties also respectfully request that the Court exercise its discretion and transfer the *Ramirez* Action to Judge Mizelle to ensure the consistent and efficient adjudication of this action and the other Related Actions.

For the foregoing reasons, the Parties respectfully request that the Court grant this Joint Motion to Transfer and Stay and enter an order staying this

action and all pending deadlines until thirty (30) days following the First-Filed *DiPierro* Action's scheduled mediation on November 6, 2023, through December 6, 2023. The Parties also respectfully request that the Court enter an order transferring the *Ramirez* Action to Judge Mizelle.

****

### <u>RULE 3.01 CERTIFICATION</u>

As required by Local Rule 3.01(g), counsel for Defendant conferred with Plaintiff's counsel on September 15, 2023. Plaintiff's counsel have advised that Plaintiff does not oppose the Joint Motion to Transfer and Stay Proceedings Pending Mediation.

DATED:  September 18, 2023

Respectfully submitted,

**KOPELOWITZ OSTROW, PA**

By: */s/ Jeffrey M. Ostrow*
   Jeff Ostrow FBN 121452
   Kristen Lake Cardoso FBN 44401
   Steven Sukert FBN 1022912
   One West Las Olas Blvd., Suite 500
   Ft. Lauderdale, FL 33301
   T: 954-525-4100
   ostrow@kolawyers.com
   cardoso@kolawyers.com
   sukert@kolawyers.com

   Tina Wolfson
   (*pro hac vice* forthcoming)
   AHDOOT & WOLFSON, PC

**BAKER & HOSTETLER LLP**

By: */s/ Julie Singer Brady*
   Julie Singer Brady
   Florida Bar No. 389315
   Email: *jsingerbrady@bakerlaw.com*
   200 South Orange Avenue, Suite 2300
   Orlando, FL 32801
   Telephone: 407.649.4000
   Facsimile: 407.841.0168

   Casie D. Collignon
   (*pro hac vice* forthcoming)
   Sarah A. Ballard
   (*pro hac vice* forthcoming)
   1801 California Street, Suite 4400
   Denver, CO 80202

14

2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
twolfson@ahdootwolfson.com

Andrew W. Ferich
(*pro hac vice* forthcoming)
AHDOOT & WOLFSON, PC
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@ahdootwolfson.com

Mark B. DeSanto (FBN 107688)
BERGER MONTAGUE
1818 Market Street
Suite 3600
Philadelphia, PA 09103
Telephone: (215) 875-3000
mdesanto@bm.net

*Attorneys for Plaintiff David Ramirez and the Putative Class*

Telephone: 303.861.0600
Facsimile: 303.861.7805
ccollignon@bakerlaw.com
sballard@bakerlaw.com

*Attorneys for Defendant Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing **JOINT MOTION TO TRANSFER AND STAY PROCEEDINGS PENDING MEDIATION** was filed and served through the Court's ECF system on this 18th day of September, 2023, on all counsel of record.

/s/ *Julie Singer Brady*
Julie Singer Brady

16